UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A. CALVIN BROWN, et al.,

    Plaintiffs,

v.

T. MICHAEL DUNBAR, et al.,

    Defendants.

C07-82Z

ORDER

This matter comes before the Court on Defendant State of Washington's Motion for Partial Dismissal, docket no. 31, and Plaintiffs' Motion to Amend Complaint, docket no. 36. Having considered the parties' pleadings, the Court GRANTS Defendant State of Washington's Motion for Partial Dismissal, docket no. 31, and GRANTS IN PART and DEFERS IN PART Plaintiffs' Motion to Amend Complaint, docket no. 36.

**I.** **<u>Defendant State of Washington's Motion for Partial Dismissal, docket no. 31</u>**

Defendant State of Washington's Motion for Partial Dismissal is brought pursuant to FED. R. CIV. P. 12(b)(6) to dismiss claims for monetary damages based on 42 U.S.C. § 1983 ("Section 1983") that are alleged against the State of Washington, Department of Social and Health Services ("DSHS"), and the State employee defendants, Patricia Long, Harriett Martin, Heidi Stull, and Banks E. Evans, in their official capacities (collectively referred to herein as the "State Defendants"). Plaintiffs argue that they do not bring the claims that are the subject of the present motion to dismiss. However, the First Amended Complaint does

ORDER 1–

not limit its allegations under Section 1983 as against the state employee defendants in their individual capacities.  First Am. Compl. ¶¶ 6, 131-134 (containing allegations against "Defendants").  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, the Court GRANTS the Defendant State of Washington's Motion for Partial Dismissal, docket no. 31, and DISMISSES with prejudice Plaintiffs' claims for monetary damages based on 42 U.S.C. § 1983 as alleged against Defendants State of Washington, Department of Social and Health Services, and Patricia Long, Harriett Martin, Heidi Stull, and Banks E. Evans, in their official capacities.

## II.     Plaintiffs' Motion to Amend Complaint, docket no. 36

Plaintiffs filed the First Amended Complaint without leave of court prior to Defendants' answering of the original complaint.  Now Plaintiffs move to amend their complaint for a second time "because the 60-day notice of claim period has expired; to make more explicit that the claims against the individual defendants are also against them in their individual capacity; and to add two minors to the complaint (children of existing Plaintiffs, whose claims arise from the same facts)."  Pls. Mot. to Amend, docket no. 36, at 1.  Defendants Dunbar, Joiner, Journey and the City of Auburn (the "Auburn Defendants") have filed an opposition to Plaintiffs' motion, docket no. 38, which is joined by the State Defendants, docket no. 42.

Leave to amend "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Although the rule is to be construed liberally, "leave to amend is not to be granted automatically."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  A court should consider the following four factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  See United States v. Pend Oreille Pub. Util. Dist. No.1, 926 F.2d 1502, 1511-12 (9th Cir. 1991).

Defendants oppose Plaintiffs' motion to amend the complaint because Plaintiffs' proposed Second Amended Complaint makes changes to the First Amended Complaint that have nothing to do with the reasons given for granting the amendment in Plaintiffs' motion to amend. Defendants also argue that Plaintiffs' first and second proposed amendments – regarding the expiration of the sixty-day notice of claim period and the clarification of the capacity in which defendants are being sued – are futile. Defendants do not oppose Plaintiffs' third proposed amendment to add two minors to the complaint, namely J.M., a minor, by and through her guardian Clara Evans, and L.M., a minor, by and through his guardian Ryan Morey.

The Court GRANTS IN PART and DEFERS IN PART Plaintiffs' Motion to Amend Complaint, docket no. 36. The motion is granted to the extent that Plaintiffs move to add J.M. and L.M. as Plaintiffs. The Court DEFERS Plaintiffs' motion in all other respects until the status conference of the parties.

### III.  Status Conference

The Court sets an in chambers status conference for **Friday, July 6, 2007 at 11:00 a.m.** to discuss the Joint Status Report, docket no. 48, and Plaintiffs' Motion to Amend Complaint, docket no. 36.

IT IS SO ORDERED.

DATED this 2nd day of July, 2007.

_____
Thomas S. Zilly
United States District Judge

ORDER   3–