UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A. Calvin Brown, et al.,

            Plaintiffs,

v.

T. Michael Dunbar, et al.,

            Defendants.

C 07-82Z

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs in this case comprise two distinct groups:

    (a) **Daycare Plaintiffs** - Diana Pogacsas, End of the Rainbow Childcare, Clara Evans, Ryan Morey, Arianne J. Collman, Minor D.C., Minor J.M., and Minor L.M.; and

    (b) **Code Plaintiffs** - A. Calvin Brown, Roberta Arehart, Kim Konold, Monty Konold, Danny Englander, Barbara Englander, and Lowell Christian.

(2) Defendants in this case comprise two distinct groups:

    (a) **State Defendants** - State of Washington, Department of Social and Health Services, Patricia Long, and Department of Early Learning; and

    (b) **Auburn Defendants** - The City of Auburn, Charles Joiner, and T. Michael Dunbar.

(3) Plaintiffs' Motion to Reconsider the Court's previous Order dated April 16, 2008, relating to the Auburn Defendants' Motion for Partial Summary Judgment, docket no. 195, is DENIED. As a result, all of the Code Plaintiffs' claims in this litigation against the Auburn Defendants were dismissed, with the exception of Plaintiff Brown's § 1983 claim for

MINUTE ORDER 1–

violation of his Fourth Amendment rights against the Auburn Defendants. The Court has been informed that Plaintiff Brown is now deceased and that Plaintiff Browns' successors in interest will not pursue the claim notifications, docket no. 216. Accordingly, this claim is dismissed without prejudice. As a result, all of the Code Plaintiffs' claims are dismissed.

(4) The Court has previously deferred a ruling on the Auburn Defendants' motion, docket no. 133, relating to the unconstitutionality of the "Auburn City Code 18.16, and other provisions of Auburn City Code Title 18 as asserted by Defendants, [which] exceed constitutional authority and violate the rights of the Plaintiffs." <u>See</u> Prayer for Relief, Second Amended Complaint at IV(C). The Court previously ordered supplemental briefing on these issues. Plaintiff has now submitted a supplemental brief, docket no. 193, and the Auburn Defendants have filed a supplemental brief, docket no. 196. The Court has reviewed these briefs and concludes there is no merit to Plaintiffs' challenge to Auburn Code provisions. Plaintiffs fail to support, with any authority, their contention that a hearing is required before the issuance of a citation. As a result, the Court grants the deferred issue and dismisses these claims.

(5) The State Defendants' Motion for Summary Judgment, docket no. 86, seeking to dismiss all claims by the Daycare Plaintiffs against the State Defendants, is GRANTED, and the Daycare Plaintiffs' Cross Motion for Declaratory Judgment, docket no. 158, is DENIED. As a result, all of the Daycare Plaintiffs' claims against the State Defendants will be dismissed. The Court will issue an order as soon as possible explaining the reasons for concluding the challenged statutes and WAC provisions are constitutional on their face and as applied to Plaintiffs.

(6) The Auburn Defendants' Motion for Summary Judgment, docket no. 79, seeking to dismiss all of the Daycare Plaintiffs' claims against the Auburn Defendants is GRANTED IN PART and DENIED IN PART as follows:

(a) The motion is DENIED as to Defendant Joiner as to the § 1983 claim for violation of the equal protection clause and Joiner's request for qualified immunity. There are genuine issues of material fact that preclude summary judgment on these issues; and

(b) The motion is GRANTED as to Daycare Plaintiffs' substantive and procedural due process claims against the Auburn Defendants, their custom or practice § 1983 claim against the City of Auburn, Plaintiff D.C.'s Fourth Amendment claim against Defendant Joiner, and all Daycare Plaintiffs' claims against Defendant Dunbar. As a result, all of the Daycare Plaintiffs' claims against the Auburn Defendants will be dismissed with the exception of the § 1983 claim against Defendant Joiner for violation of the Equal Protection clause. The Court will issue an order as soon as possible explaining its ruling on these issues.

(7) Auburn Defendants' Motion to Strike, contained in their Reply, docket no. 151, is GRANTED as to paragraphs 3-6, 9, and 10-18 of the Ward Declaration, docket no. 145. All other Auburn Defendants' motions to strike are STRICKEN. The Court has only considered admissible evidence in connection with the pending motions.

(8) Plaintiffs' Motion to Strike, contained in their Response, docket no. 144, is DENIED.

MINUTE ORDER 2–

(9) Defendants' Motion for Protective Order, docket no. 178, is DENIED. Even though Defendant Dunbar will be dismissed as a defendant, he has submitted a declaration in this matter and may be redeposed, if necessary.

(10) Plaintiffs' Motion for Sanctions, docket no. 199, is GRANTED IN PART and DENIED IN PART. The motion is DENIED as to the failure to produce documents and to fully answer interrogatories. The motion is DENIED as to monetary sanctions. The motion to compel deposition answers as to Joiner and Dunbar is GRANTED.

(11) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 22nd day of August, 2008.

BRUCE RIFKIN, Clerk

By s/ Claudia Hawney
Claudia Hawney
Deputy Clerk

MINUTE ORDER 3–