UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A. Calvin Brown, et al.,

          Plaintiffs,

v.

T. Michael Dunbar, et al.,

          Defendants.

C 07-82Z

ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion for Certification under Rule 54(b), docket no. 246, and Plaintiffs' Supplemental Motion for Certification, docket no. 247. The Court has reviewed the parties' submissions in support of and opposition to the motions. Plaintiffs' motions are GRANTED IN PART as set forth in this Order.

## I. PROCEDURAL HISTORY

The parties, current and dismissed, are as follows:

(1) Plaintiffs in this case comprise two distinct groups:

    (a) **Daycare Plaintiffs** - Diana Pogacsas, End of the Rainbow Childcare, Clara Evans, Ryan Morey, Arianne J. Collman, Minor D.C., Minor J.M., and Minor L.M.; and

    (b) **Code Plaintiffs** - A. Calvin Brown, Roberta Arehart, Kim Konold, Monty Konold, Danny Englander, Barbara Englander, and Lowell Christian.

(2) Defendants in this case comprise two distinct groups:

ORDER 1–

| | | |
|---|---|---|
| (a) | **State Defendants** | State of Washington, Department of Social and Health Services, Patricia Long, and Department of Early Learning; and |
| (b) | **Auburn Defendants** | The City of Auburn, Charles Joiner, and T. Michael Dunbar. |

Minute Order at docket no. 218, p. 1.

As to the Code Plaintiffs, A. Calvin Brown is deceased and his estate indicates it will not move to substitute in as a party. Notice, docket no. 216. The parties report that there is a settlement as to Plaintiffs Arehart, Christian, and the Englanders. Auburn Defendants' response, docket no. 256, p. 3, lines 7-9. The parties have engaged in mediation on the Konolds' claims that do not appear to be resolved. However, Plaintiffs have appealed the recent order enjoining a case involving the Konolds filed in 2008. Order, docket no. 260. Plaintiffs contend that order is appealable as of right.

As to the Daycare Plaintiffs, all claims against all State Defendants have been dismissed. Minute Order, docket no. 218; Order, docket no. 238. All claims against the Auburn Defendants have been dismissed except for Plaintiff Pogacsas' and End of the Rainbow Childcare's equal protection claim against Defendant Joinder. Order, docket no. 259.

Thus, all claims against all Defendants have been dismissed except the equal protection claim against Defendant Joiner pertaining to the business license. Defendant Joiner has now appealed the denial of qualified immunity. Notice of Appeal, docket no. 269.

## II. RULE 54 STANDARD

A. STANDARD FOR CERTIFICATION UNDER RULE 54(b)

Rule 54(b) states:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

ORDER  2–

## B. THE ORDERS AT ISSUE ARE FINAL

The Orders at docket nos. 218 and 238 fully dispose of all claims against the State Defendants. These Orders are final under Rule 54(b).

The Orders at docket nos. 187 and 259 dispose of all claims against the Auburn Defendants except for the equal protection claim of Diana Pogacsas and her business, End of the Rainbow Childcare, against Defendant Joiner. Because the Orders constitute the ultimate disposition of individual claims, they are final as to those claims, except the claim against Defendant Joiner.

## C. THE REMAINING CLAIM

The sole remaining equal protection claim is that of Plaintiff Pogacsas/End of the Rainbow Childcare against Defendant Joiner under 28 U.S.C. § 1983 as more fully described in the Court's Order, docket no. 259. Defendant Joiner has filed a notice of appeal, docket no. 269.

This Court's duty under Rule 54(b) is to promote sound judicial administration and avoid piecemeal appeals. Entry of an order under Rule 54(b) will promote the sound judicial administration of the remaining claim.

## D. CONCLUSION AND ORDER

(1) The Court concludes that there is no just reason for delay and that a final judgment of dismissal should be entered dismissing all of Plaintiffs' claims, except as provided in paragraph 2 below.

(2) The Court has concluded that pursuant to the Court's Order, docket no. 259, Plaintiffs Pogacsas/End of the Rainbow Childcare's equal protection claim against Defendant Joiner shall remain for trial. Because Defendant Joiner has appealed the Court's denial of qualified immunity, the Court now enters a stay of that remaining claim pending that appeal.

ORDER 3–

(3) The Court, by Order dated October 30, 2008, docket no. 254, granted the State Defendant's motion for affirmation of permanency of anti-suit injunction. The Court by Order dated November 5, 2008, docket no. 260, granted the Auburn Defendants' motion for permanent injunction. These Orders are now appealable and the Clerk shall enter final judgment to allow for an appeal.

(4) The Clerk is directed to enter a partial final judgment and a permanent injunction in accordance with this Order.

IT IS SO ORDERED.

DATED this 20th day of November, 2008.

Thomas S. Zilly
United States District Judge

ORDER 4–